UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.F.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　　Defendant. | Case No. 20-cv-07753-VKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 22, 27 |

Plaintiff M.F.[1] appeals a final decision of the Commissioner of Social Security ("Commissioner")[2] denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 423, 1381, *et seq*. M.F. contends the administrative law judge ("ALJ") erred in four respects. First, M.F. contends that the ALJ erred in improperly evaluating the medical opinion of examining psychologist Dr. San Pedro. Second, M.F. contends the ALJ erred in failing to identify M.F.'s PTSD as a medically determinable and severe impairment. Third, M.F. contends that the ALJ erred in finding that her impairments do not meet or medically equal a listed impairment. Fourth, M.F. contends that the ALJ erred in assessing her residual functional capacity ("RFC").

The parties have filed cross-motions for summary judgment. The matter was submitted without oral argument. Upon consideration of the moving and responding papers and the relevant

---

[1] Because orders of the Court are more widely available than other filings, and this order contains potentially sensitive medical information, this order refers to the plaintiff only by her initials. *See* Dkt. 21. This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

[2] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as defendant in place of Andrew Saul.

evidence of record, for the reasons set forth below, the Court grants M.F.'s motion for summary judgment, denies the Commissioner's cross-motion for summary judgment, and remands this matter for further administrative proceedings consistent with this order.[3]

## I.   BACKGROUND

M.F. filed applications for disability insurance benefits and supplemental security income in July 2018, when she was 37 years old, alleging that she has been disabled since January 1, 2013 due to social anxiety, PTSD, agoraphobia, manic depression, dysthymic disorder, panic disorder, fatty liver, memory issues, and other undiagnosed mental and physical conditions.  AR[4] 66-67, 81-82, 223-58, 286.

M.F. has a high school education with a G.E.D. diploma and no prior work that reached the level of substantial gainful activity.  AR 36-37.

M.F.'s applications were denied initially and on reconsideration.  AR 149-60, 165-76.  An ALJ held a hearing and subsequently issued an unfavorable decision on March 19, 2020.  AR 12-24, 30-65.  The ALJ found that M.F. met the insured status requirements of the Act through March 31, 2022 and that she did not engage in substantial gainful activity since the alleged onset date of January 1, 2013.  AR 17.  He further found that M.F. has the following severe impairments: "depression and substance abuse."  AR 18.  However, the ALJ concluded that M.F. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Commissioner's regulations.  *Id.*

The ALJ determined that M.F. has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: "understand, remember and carry out simple, routine tasks and is able to perform simple work-related decisions, and is able to work with things, and should not have contact with the public or coworkers, and occasional contact with supervisors."  AR 19.  The ALJ found that M.F. is unable to perform past relevant work because she does not have any past relevant work but is able to perform other jobs existing in significant

---

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 2, 10.

[4] "AR" refers to the certified administrative record lodged with the Court.  Dkt. No. 19.

numbers in the national economy, including dishwasher, hospital house worker, and housekeeper/maid.  AR 22-23.  Accordingly, the ALJ concluded that M.F. was not disabled, as defined by the Act, from the alleged onset date of January 1, 2013 through the date of the decision. AR 23-24.

The Appeals Council denied M.F.'s request for review of the ALJ's decision.  AR 1-3. M.F. then filed the present action seeking judicial review of the decision denying her applications for benefits.

## II.     LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits.  The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (citation omitted); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (citation omitted).  In this context, the term "substantial evidence" means "more than a mere scintilla" but "less than a preponderance" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Ahearn*, 988 F.3d at 1115 (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) and *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012), *superseded by regulation on other grounds*; internal quotation marks omitted*)*; *see also Morgan*, 169 F.3d at 599 (citation omitted).  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Ahearn*, 988 F.3d at 1115 (citation omitted); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Ahearn*, 988 F.3d at 1115-16 (citation omitted); *Morgan*, 169 F.3d at 599 (citation omitted).

## III.    DISCUSSION

M.F. raises four challenges to the ALJ's decision.  First, M.F. argues that the ALJ erred in finding the opinions of examining psychologist Dr. San Pedro to be only "partially persuasive." Second, M.F. argues that the ALJ erred in not finding that she has a medically determinable and

3

severe impairment of PTSD. Third, M.F. argues that the ALJ erred in finding that her impairments do not meet or equal a listed impairment, since the ALJ did not properly take Dr. San Pedro's opinions into account in making that determination and did not consider whether she meets the listing for PTSD. Fourth, M.F. argues that the ALJ erred in assessing her RFC, largely because the ALJ did not take Dr. San Pedro's opinions into account in making that determination. The Court agrees that the ALJ erred in his assessment of Dr. San Pedro's opinions and in his unexplained decision not to find M.F.'s PTSD to be a medically determinable and severe impairment. Because the Court finds the ALJ erred in these respects, the Court also finds the ALJ's listings and RFC determinations flawed, and remands on those grounds as well.

### A.     Dr. San Pedro's Medical Opinions

M.F. argues that the ALJ's reasons for finding Dr. San Pedro's opinions only partially persuasive are legally insufficient. The Court agrees.

Under the regulations that apply to M.F.'s applications,[5] ALJs are required to evaluate the "persuasiveness" of all medical opinions in the record based on: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c.[6] The first two factors are considered the most important, and the ALJ is required to explicitly address them in his or her decision. *Id.* § 404.1520c(b)(2). The ALJ "may, but [is] not required to," explain how he or she considered the remaining three factors listed in the regulations. *Id.* As with all other determinations made by the ALJ, the ALJ's persuasiveness explanation must

---

[5] On January 18, 2017, the Commissioner promulgated new regulations concerning the evaluation of medical opinions. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). These new regulations apply to all applications for benefits filed after March 27, 2017. *Id.*; 20 C.F.R. § 404.1520c. Since M.F.'s applications were filed after March 27, 2017, these new regulations apply to her case. *See* AR 67, 82, 243, 252. In light of these new regulations, the parties dispute the extent to which Ninth Circuit case law decided under the prior regulations retains force. The Court finds that a straightforward application of the new regulations is sufficient here to decide the case and so does not need to resolve this dispute.

[6] Because the regulations regarding disability insurance benefits applications and supplemental security income applications are nearly identical, for simplicity this order cites only to the regulations pertaining to disability insurance benefits applications.

4

be supported by substantial evidence. *See Patricia F. v. Saul,* No. C19-5590-MAT, 2020 WL 1812233, at *4 (W.D. Wash. Apr. 9, 2020) (finding that, under the new regulations, "[t]he Court must . . . continue to consider whether the ALJ's analysis has the support of substantial evidence.") (citing 82 Fed. Reg. at 5852).

Here, Dr. San Pedro performed a psychological evaluation of M.F. on January 17, 2019. AR 1106-15. The evaluation consisted of a clinical interview, mental state examination, review of records, and the following assessments: (1) Weschler Abbreviated Scale of Intelligence, 2nd Edition (WASI-II); (2) Repeatable Battery for the Assessment of Neuropsychological Status (RBANS); (3) Patient Health Questionnaire; (4) Generalized Anxiety Disorder 7; (5) Beck Depression Inventory; (6) Clinician-Rated Dimensions of Psychosis Symptom Severity; (7) Mood Disorder Questionnaire; (8) Primary Care Post Traumatic Stress Disorder Questionnaire; and (9) Quality of Life Rating. AR 1106.

Dr. San Pedro noted that M.F. was punctual, willing and able to participate in the evaluation, gave informed consent, and stayed for the entirety of the evaluation. *Id.* She was oriented, alert, talkative, and cooperative. AR 1108. Her eye contact was good and her concentration was adequate for the purposes of the evaluation. *Id.* Her mood was depressed with congruent affect. *Id.* She cried when discussing traumatic events. *Id.* Her speech was loud and fast, with varied affect, logical, linear, and coherent thought process, and adequate insight and judgment. *Id.* Based on this mental status examination and behavioral observations of M.F. during the evaluation, Dr. San Pedro believed that the results of testing were an adequate representation of M.F.'s psychological functioning. AR 1109.

On the WASI-II, M.F.'s Full Scale IQ fell in the "Borderline" range, indicating significantly lower than average overall cognitive functioning. AR 1109-10. On the RBANS, M.F.'s scores on all subtests fell in the "Extremely Low" or "Borderline" ranges, indicating significantly impaired neurocognitive functioning. AR 1110. Dr. San Pedro noted that these low scores can be affected by trauma, anxiety, stress, and depression and may cause poor performance on everyday tasks. AR 1110-11. On the other assessments, M.F. endorsed symptoms of psychosis, severe depression, severe anxiety, PTSD, and bipolar disorder. AR 1111-13.

Dr. San Pedro diagnosed M.F. with bipolar II disorder, generalized anxiety disorder, PTSD, and alcohol and opioid use disorders, both in remission. AR 1113. Dr. San Pedro believed that M.F.'s psychological symptoms, including her mood swings, paranoia, irritability, depression, and anxiety, would impact her attendance, greatly limit her performance, and cause relationship problems with peers and authority, as she tends to be negative, emotional, prone to anger and frustration, and confrontational. AR 1114. Dr. San Pedro opined that M.F. has marked limitations in her abilities to: (1) accept instructions and respond appropriately to criticism from supervisors; (2) respond appropriately to changes in a routine work setting and deal with normal work stressors; (3) complete a normal workday and workweek without interruptions from psychologically based symptoms; and (4) maintain regular attendance and be punctual within customary, usually strict, tolerances. AR 1115. Dr. San Pedro assessed moderate or mild limitations in all other areas of work-related functioning. *Id.*

The ALJ found this opinion "only partially persuasive" because he found that the marked limitations assessed by Dr. San Pedro "are not supported by or consistent with objective evidence of record" because: (1) "objective findings throughout are essentially within normal limits except for claimant self-reporting"; (2) "the questionnaires the claimant completed were based on self-reporting, rendering them less persuasive than objective observation"; (3) Dr. San Pedro diagnosed M.F. with alcohol abuse in remission, yet M.F. "admitted drinking 1/5 of vodka per week" at a November 2018 hospital visit; and (4) Dr. San Pedro's report is inconsistent with a January 2019 treatment note from M.F.'s psychiatrist that indicated M.F. was currently working. AR 21. The Court finds that none of these reasons are supported by substantial evidence.

First, the ALJ's reliance on his finding that "objective findings throughout are essentially within normal limits except for claimant self-reporting," AR 21, is not sufficiently specific nor supported by substantial evidence. Dr. San Pedro's assessment of marked limitations was based on M.F.'s psychological symptoms of mood swings, paranoia, irritability, depression, and anxiety. AR 1114-15. It appears the ALJ's reference to normal objective findings is a reference to mental status examination findings, *see* AR 20-21, but the mental status examinations in the record support the same psychological symptoms that Dr. San Pedro found and relied on. *See, e.g.*, AR

6

542 (slightly depressed affect), 816 (slightly depressed mood/affect with anxiety, panic, insomnia, nightmares, and flashbacks), 888-89 (depressed mood, dysthymic affect, anxious and tearful at times), 907 (anxious, depressed, and tearful mood/affect), 1108 (depressed mood and affect), 1127 (slightly depressed mood/affect with anxiety, panic, insomnia, and nightmares, "very nervous inside"), 1135 (slightly depressed mood/affect with anxiety, panic, insomnia, and nightmares, "not able to get out of the house many many days a week"), 1147 (slightly depressed mood/affect with anxiety, panic, insomnia, and nightmares), 1158 (slightly depressed mood/affect with anxiety, panic, insomnia, nightmares many times per week causing insomnia, and flashbacks).[7] The ALJ offers no explanation for how Dr. San Pedro's assessment of marked limitations is inconsistent with these mental status examination findings. In addition, M.F.'s low scores on the RBANS support Dr. San Pedro's assessment of marked limitations. *See* AR 1110-11, 1113-15. Accordingly, the Court rejects the ALJ's generalized and unsupported reason for finding Dr. San Pedro's opinions unpersuasive.

Second, the Court also rejects the ALJ's conclusion that Dr. San Pedro's opinions are less persuasive because they rely on self-reported questionnaires. *See* AR 21. As discussed above, Dr. San Pedro's opinions are consistent with and supported by the objective findings in the record, so these self-reported questionnaires, which describe symptoms similar to the objective findings, merely provide additional support for Dr. San Pedro's opinions. *See* AR 1111-15.

Third, the ALJ's conclusion that Dr. San Pedro's finding of alcohol abuse in remission is inconsistent with the record is not supported by substantial evidence. AR 21. In support of this conclusion, the ALJ cites to a treatment note two months before Dr. San Pedro's evaluation that states that M.F. reported drinking a fifth of vodka per week. AR 21, 965. But the medical records also show that M.F. has been in treatment for her substance abuse problems and has at times been clean and at other times suffered relapses. *See, e.g.*, AR 56 ("I mean, I don't remember the exact time, but . . . I did drink. I did *used to* drink.") (emphasis added); 595 ("Patient reports she was

---

[7] To the extent the ALJ found these parts of the mental status examination to not be "objective findings," but rather based on "claimant self-reporting," it is unclear what *relevant* objective findings the ALJ was relying on, since these parts of the mental status examinations are the ones that address the symptoms that Dr. San Pedro relied on.

clean of heroin for 7 years but she gave in recently due to personal/family issues."); 976 (noting that M.F. has been a heroin addict off and on for the last 15 years and last took heroin two months ago); 913 (treatment plan stating that M.F.'s goal is "Working on staying clean"). With this history in mind, there is nothing inherently inconsistent between M.F. drinking in November 2018 and her alcohol abuse being in remission in January 2019. In addition, it is unclear what relevance this alleged inconsistency has, as Dr. San Pedro did not base any of her opinions on whether M.F. was currently drinking or not.

Fourth, the ALJ found Dr. San Pedro's report inconsistent with a January 2019 treatment note stating that M.F. was currently working. AR 21, 1163. But, as M.F. points out, the treatment note, which says that M.F. just started a new job in the last two weeks, appears on every single one of M.F.'s psychiatric treatment records, dating back to April 2015. *See, e.g.*, AR 906-07, 1124-25. Clearly, then, this note is outdated, as it cannot be that at every bi-monthly appointment M.F. attended for almost five years she had just started a new job within the last two weeks. And a closer review of the treatment record confirms that the note was not accurate as of January 2019. The records indicate that M.F. lost the job referenced in the original note by November 2015, and, as of February 2018, all treatment notes, including the note cited by the ALJ, also contain a notation stating that M.F. is currently unable to work. *See* AR 814-17, 891-893, 1162-1166. In addition, M.F.'s earnings records show no earnings in 2019 or the last three quarters of 2018. AR 262-265. Viewing the record as a whole, substantial evidence does not support the ALJ's conclusion that Dr. San Pedro's opinions are inconsistent because M.F. was working at the time of the evaluation. *See Hammock*, 879 F.2d at 501 ("[A] reviewing court must review the record as a whole and consider adverse as well as supporting evidence.").

In sum, none of the reasons given by the ALJ for finding Dr. San Pedro's opinions "only partially persuasive" are supported by substantial evidence. The ALJ therefore erred in making this finding. This error warrants remand.

**B.     M.F.'s PTSD**

M.F. argues that the ALJ erred in not finding that M.F. has the medically determinable and severe impairment of PTSD. The Court agrees.

In evaluating a disability claim, the ALJ is required to consider whether a claimant suffers from a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c). The ALJ may find an impairment or combination of impairments not severe "only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks and citations omitted). If a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis, regardless of whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. § 404.1523(c); *Smolen*, 80 F.3d at 1290 ("[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone [i]s sufficiently severe."). If the ALJ erroneously determines that an alleged impairment is not "severe," the reviewing court must determine whether the error was harmless. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Here, M.F. has been diagnosed with PTSD since at least November 2015. *See* AR 891-95. Dr. San Pedro also concluded that M.F. likely meets the criteria for PTSD. AR 1112-13. M.F. alleged PTSD as one of her impairments in her applications for benefits and explained that her PTSD limits her ability to work because it makes it very difficult for her to be around other people. AR 67, 82, 314. Despite this evidence that M.F. has the medically determinable impairment of PTSD, and that this impairment limits her ability to work, the ALJ did not find M.F.'s PTSD to be a severe impairment. AR 18. Moreover, the ALJ did not even mention PTSD in his discussion of M.F.'s severe impairments or provide any reason for not finding her PTSD to be a severe impairment. *Id.* In fact, the ALJ mentioned PTSD exactly twice in his decision: first to note that M.F. alleged it as an impairment and second to note that Dr. San Pedro found M.F. likely meets the criteria for it. AR 19, 21. Given the evidence suggesting a severe impairment of PTSD, and the fact that the ALJ has not provided any reason for not finding it severe, the Court finds the ALJ's severity determination regarding M.F.'s PTSD to be unsupported by substantial

evidence.

The Commissioner argues that even if the ALJ erred in not finding M.F.'s PTSD severe, any error was harmless because the ALJ found the existence of other severe impairments and so continued the sequential analysis and "appropriately considered" M.F.'s PTSD in assessing her RFC. The Court disagrees. While the ALJ mentioned M.F.'s PTSD twice, the ALJ did not discuss in any way what limitations arose from M.F.'s PTSD and how those limitations were factored into the RFC analysis. Accordingly, the Court cannot find the ALJ's error harmless. *Cf. Lewis*, 498 F.3d at 911 ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless."). On remand, the ALJ must reconsider whether M.F. has a severe, medically determinable impairment of PTSD.

### C. Listings

M.F. next argues that the ALJ erred by finding that her impairments do not meet or medically equal an impairment listed in the Commissioner's regulations. The Court agrees.

In determining whether a claimant is disabled, the ALJ is required to consider whether the claimant's impairments meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the ALJ finds the claimant's impairments meet or medically equal a listed impairment, the claimant is conclusively presumed disabled without consideration of the claimant's age, education, or work experience. *Id.* § 404.1520(d). For mental impairments, in order to determine whether the claimant's impairments meet or equal a listed impairment, the ALJ must rate the severity of the claimant's mental limitations in four broad categories of work-related mental functioning: (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentrating, persisting, and maintaining pace; and (4) adapting and managing oneself. *Id.* §§ 404.1520a(b)(2), (c)(3). The claimant's impairments in these four categories must be rated on a five-point scale: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4). In order to meet or equal the severity of a listed impairment, the claimant must have an "extreme" limitation in one of the four categories, or "marked" limitations in two of the four categories. 20 C.F.R. Pt. 404, Subpart P, App'x 1, Listing

12.00(A)(2)(b).

Here, the ALJ found that M.F. has "mild" or "moderate" limitations in all four areas of mental functioning and therefore found that M.F.'s mental impairments do not meet or equal the severity of a listing. AR 18. M.F. argues that this was error because the ALJ failed to account for Dr. San Pedro's opinion that M.F. has "marked" limitations in several areas of mental functioning. *See* AR 1115. The Court agrees. The ALJ's conclusion that M.F. has only "mild" or "moderate" mental limitations necessarily rests on his finding that Dr. San Pedro's assessment of "marked" limitations is not persuasive. *See* AR 18, 21. Since the Court finds the ALJ's persuasiveness determination is not supported by substantial evidence, his severity determinations, and therefore his listings determination, also lack the support of substantial evidence. On remand, after properly assessing the persuasiveness of Dr. San Pedro's opinions, the ALJ must reconsider whether M.F. meets a listed impairment. If the ALJ determines on remand that M.F. has the severe, medically determinable impairment of PTSD, this consideration of listed impairments must include consideration of the listing for PTSD.

### D.     M.F.'s RFC

M.F.'s final argument is that the ALJ erred in assessing her RFC because the ALJ did not incorporate into the RFC the marked limitations assessed by Dr. San Pedro. The Court agrees.

As part of the disability evaluation process, the ALJ must assess the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). The RFC measures the most the claimant can still do despite his or her limitations. *Id.* § 404.1545(a)(1). The RFC must incorporate all of the limitations supported by the evidence. *See Robbins v. Soc. Sec. Admin*, 466 F.3d 880, 886 (9th Cir. 2006) (in assessing a claimant's ability to work, the ALJ "is not free to disregard properly supported limitations").

Here, the ALJ did not incorporate Dr. San Pedro's assessment of marked limitations in several areas of mental functioning into M.F.'s RFC, because the ALJ found those assessments unpersuasive. *See* AR 21-22. Since the ALJ's persuasiveness determination was not supported by substantial evidence, the ALJ's decision not to incorporate the assessed limitations into the RFC also lacks the support of substantial evidence. On remand, after properly assessing the persuasiveness of Dr. San Pedro's opinions, the ALJ must re-evaluate M.F.'s RFC.

11

## IV. DISPOSITION

M.F. asks the Court to remand for payment of benefits under the credit-as-true doctrine. "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017) (citation omitted). The Court may remand for an immediate award of benefits only where (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. at 1045 (citations omitted). Even when all three conditions are satisfied and the evidence in question is credited as true, it is within the district court's discretion whether to make a direct award of benefits or to remand for further proceedings when the record as a whole creates serious doubt as to disability. *Id*. (citations omitted).

The credit-as-true standard is not satisfied here. There are further issues that must be resolved before a final determination can be made. As discussed above, on remand the ALJ must reconsider: (1) the persuasiveness of Dr. San Pedro's opinions; (2) whether M.F. suffers from a severe impairment of PTSD; (3) whether M.F. meets a listed impairment; and (4) M.F.'s RFC.

## V. CONCLUSION

Based on the foregoing, M.F.'s motion for summary judgment is granted, the Commissioner's motion for summary judgment is denied, and this matter is remanded for further proceedings consistent with this order. The Clerk shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: November 18, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge